IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VERONICA D. ARMSTRONG                                                              PLAINTIFF

vs.                                        Civil No. 4:15-cv-04060

CAROLYN W. COLVIN
Commissioner, Social Security Administration                              DEFENDANT

**MEMORANDUM OPINION**

Veronica D. Armstrong ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

On December 4, 2012, Plaintiff filed her disability applications. (Tr. 9, 172-184). In her applications, Plaintiff alleges being disabled due to seizures, diabetes, hypertension, thyroid disorders, chronic back problems, high cholesterol, hypertension, and edema. (Tr. 246).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Plaintiff alleges an onset date of April 27, 2012. (Tr. 9). Plaintiff's applications were denied initially and again upon reconsideration. (Tr. 60-85).

Thereafter, Plaintiff requested an administrative hearing on her denied applications. (Tr. 127-128). This hearing request was granted, and an administrative hearing was held in Texarkana, Arkansas on October 21, 2014. (Tr. 136-141). At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Susan Johnson testified at this hearing. *Id.* At this hearing, Plaintiff testified she was fifty-seven (57) years old, which qualifies as a "person of advanced age" under 20 C.F.R. § 416.963(e) (2008) (SSI) and 20 C.F.R. § 404.1563(e) (2008) (DIB). (Tr. 36). As for her education, Plaintiff also testified she had started—but did not complete—the tenth grade in school. (Tr. 36).

On January 28, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 6-21). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 11, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 27, 2012, her alleged onset date. (Tr. 11-12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: dysfunction of major joints and spine disorder. (Tr. 12-15, Finding 1). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and

2

found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> The claimant has the residual functional capacity except lift and carry 20 pounds occasionally and 10 pounds frequently, as well as stand and walk 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. The claimant's ability to perform the full range of light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), is reduced by inability to climb ramps and stairs on more than an occasional basis and inability to ever climb ropes, ladders or scaffolds.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 20, 56-59). Based upon that testimony and considering Plaintiff's RFC and other factors, the ALJ determined Plaintiff retained the capacity to perform her PRW as an assembler. *Id.* Because Plaintiff retained the capacity to perform her PRW as an assembler, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 27, 2012 through the date of her decision or through January 28, 2015. (Tr. 20, Finding 7).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 5). The Appeals Council denied Plaintiff's request for review. (Tr. 1-3). On July 8, 2015, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 8, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 12. This case is now ready for decision.

2.   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred in assessing her RFC; and (2) the ALJ erred in evaluating the opinion of her treating physician. ECF No. 10 at 1-16. In response, Defendant argues Plaintiff failed to carry her burden of proving that she could not return to her PRW, and Defendant also argues Plaintiff's case should not be reversed. ECF No. 12 at 1-11. The Court will consider both Plaintiff's arguments for reversal.

**A.** **RFC Determination (Knee Impairment)**

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 10 at 3-13. Specifically, Plaintiff claims the ALJ erred in assessing her right knee impairment. *Id.* She claims she "has suffered from chronic right knee pain since July 23, 2009" and her "medical [records] show she consistently suffered right knee popping, instability, and swelling." *Id.* Plaintiff also claims her

testimony and her medical records support her claim that she is disabled due to a right knee impairment. *Id.*

In her opinion, the ALJ carefully considered Plaintiff's knee impairment and the medical records related to her knee impairment. (Tr. 12-20). The ALJ noted some of Plaintiff's medical records indicated her right knee impairment was "significant." (Tr. 17). However, the ALJ also noted the following regarding Plaintiff's right knee impairment: "Despite these significant findings [from imaging], the claimant is able to live alone, ambulate without the need for an assistive device, work 3 hours a day as a home health aide, drive to and from work and attend to household chores. The only activities she has abandoned are playing with her grandchildren and church activities. In light of such significant activity on the part of the claimant, it is difficult to find her allegations of debilitating pain and limited ability to function to be entirely credible." (Tr. 18).

Plaintiff has the burden of demonstrating his RFC limitations. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (citation omitted) (recognizing "[a] disability claimant has the burden to establish her [or her] RFC"). Here, the ALJ fully considered Plaintiff's limitations due to her right knee impairment. In her RFC determination, the ALJ also found Plaintiff had an "inability to climb ramps and stairs on more than an occasional basis and inability to ever climb ropes, ladders or scaffolds" due to her knee impairment. (Tr. 16-20, Finding 5). Accordingly, considering Plaintiff's daily activities, the fact Plaintiff was able to work part-time, the ALJ's consideration of Plaintiff's medical records, the Court finds these RFC restrictions are supported by substantial evidence in the record. Thus, Plaintiff has not provided a basis for reversing this RFC determination.

### B. Treating Physician

Plaintiff claims the ALJ improperly assessed a report from her treating physician, Dr. Goins of the Charitable Christian Clinic. In this report, which is actually a four-page "checklist" form, Dr. Goins found Plaintiff suffered from a number of serious restrictions in her ability to work. (Tr. 370-373). Notably, Dr. Groins found she could occasionally lift less than 10 pounds, could frequently lift less than 10 pounds, could only stand and walk for a maximum of 2 hours, could only sit for a maximum of 2 hours, would need a 15 minute break every hour, and could never twist, stoop (bend), crouch, kneel, crawl, climb stairs, or climb ladders. (Tr. 370-373).

In his opinion, the ALJ assessed Dr. Bennett's findings and noted the following:

> A treating physician's opinions are generally entitled to controlling weight when well-supported and not inconsistent with the other substantial evidence in the record. However, the determination of claimant's disability is a medical source opinion on an issue which is reserved to the Commissioner and, though a treating physician's opinion on any issue must be considered, such an [a] determination is never entitled to controlling weight or special significance. . . . When considering the claimant's extensive activities of daily living and the conservative measures to treat her back and right knee, the undersigned finds no support for the very restrictive residual functional capacity assessed by Dr. Groins, which would prevent the claimant from working a full 40 hour workweek or 8-hour work week. When considering the claimant's daily activities along with her part time work, it is apparent she is capable of working a 40 hour work week and 8 hour workday.

(Tr. 19).

Based upon this evaluation of Dr. Groin's findings, the Court finds no basis for reversal on this issue. *See Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000) (recognizing the ALJ must give "good reasons" for the weight given to a treating physician's evaluation but also noting the ALJ is not required to *adopt* the findings of a treating physician). Notably, Dr. Goins's form provides no objective medical testing to support his very restrictive findings. *See*

*Wildman v. Astrue,* 596 F.3d 959, 964 (8th Cir. 2016) (affirming the ALJ's decision to discount a treating physician's findings where those opinions consisted of "three checklist forms, cites no medical evidence, and provides little to no elaboration"). Further, if these very restrictive findings were accurate, it is highly unlikely Plaintiff would be able to perform *any* work, much less be able to work on a part-time basis as she does now. Thus, the Court finds no basis for reversal on this issue.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of March 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

8